**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

LINDA MATLOW, an individual,

Plaintiff,

v.

HAUTE LIVING INC. doing business as "Haute Living" a Florida corporation; HAUTE MEDIA LLC, a New York limited liability company and DOES 1-10,

Defendants.

Case No.: 1:26-cv-9483

**COMPLAINT FOR**:

1. COPYRIGHT INFRINGEMENT
2. VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT

**JURY TRIAL DEMANDED**

Plaintiff Linda Matlow, ("Matlow") by and through her undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

**JURISDICTION AND VENUE**

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq.*

2. This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

**PARTIES**

4. Plaintiff Matlow is an individual currently residing in Chicago, Illinois.

5. On information and belief, Matlow alleges that Haute Living Inc. is a Florida corporation doing business in and with this District, including through the publication and distribution of its magazine and content to New York.

6. On information and belief, Matlow alleges that Haute Media LLC is a New York limited liability company doing business in and with this district (collectively with Haute Living Inc., "Haute").

7. On information and belief, Matlow alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Matlow's copyrights, have contributed to the infringement of Matlow's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of DOES 1 through 10, inclusive, are presently unknown to Matlow, which therefore sues said

Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. On information and belief, Matlow alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Matlow's rights and the damages to Matlow proximately caused thereby.

**CLAIMS RELATED TO THE SUBJECT PHOTOGRAPHS**

9. Matlow is a renowned professional celebrity and music photographer whose award-winning work has featured figures such as Beyoncé, Bob Dylan, and Paul McCartney. Over a career in the entertainment industry spanning nearly five decades, Matlow has published thousands of original photographs in widely circulated magazines, books, and television programs, and has worked for clients including Disney, HBO, and Sony Pictures. Matlow also owns and operates the online photo archive www.pixintl.com, which specializes in coverage of major entertainment, cultural, and news events and features Matlow's original photography

10. Matlow created and owns the original photograph depicted below (the "Subject Photograph"). Matlow is the sole owner of all rights, title, and interest in the Subject Photograph.

///

///

///

**Subject Photographs**




11. Matlow has registered the Subject Photographs with the United States Copyright Office and owns a registration certificate confirming same.

12. On information and belief, Matlow alleges that Defendants, and each of them, used the Subject Photographs for commercial purposes including, without limitation, by posting the Subject Photographs online at the website *www.hauteliving.com*, which is owned and operated by Haute, (the "Infringing Uses"). True and correct screen captures, and their accompanying URLs, of the Infringing Uses are depicted in below:

///

**Infringing Use**




Sprinkles in Beverly Hills came up with the super imaginative idea of a 24-hour cupcake ATM, or an ACM rather (Automated Cupcake Machine). Well, due to heavy traffic, it broke down.

The machine that hold 600 cupcakes receives almost 1,000 sales a day, and could no longer take the pressure. The machine may available 24/7, but more people were standing in line to use it during store hours of operation instead of going inside and ordering their treats in person.

Sprinkles now has an employee watching over the machine to make sure it doesn't malfunction again. There's a lot of cupcake cravings to feed in the Los Angeles area!

ADVERTISEMENT

MORE IN LOS ANGELES



CELEBRITIES — LOS ANGELES

It's Official: JAY-Z Is Headlining the 2027 Super Bowl Halftime Show

Laura Schreffler · Oct 27, 2026



CELEBRITIES — LOS ANGELES

JAY-Z, John Legend, DJ Khaled and Scarface Lit Up SoFi. Then the Real Party Started

Kamal Hotchandani · Oct 26, 2026



CELEBRITIES — LOS ANGELES

Haute Insider: Dancing with the Stars' Jenna Johnson's Guide to L.A.

Laura Schreffler · Oct 26, 2026



HAUTE DRINKS — LOS ANGELES

The Team Behind Award-Winning Mirate Just Opened One of L.A.'s Most Anticipated Bars — and It Changes

Search stories

HAUTE LIVING

COVER STORIES CITY GUIDE DINING TRAVEL FASHION SHOPPING WATCHES HAUTE SCENE BEST OF REAL ESTATE HAUTE LEADERS



13. At no point did Haute ever receive authorization, consent, or a license from Matlow for its exploitation of the Subject Photographs.

14. On May 15, 2024, Matlow sent a letter to Haute, notifying Haute that its usage of the Subject Photographs constituted infringement of Matlow's copyrights. Defendants failed to reasonably resolve the matter, and the Infringing Uses remain active on their website, necessitating this action.

## FIRST CLAIM FOR RELIEF

**(For Copyright Infringement - Against All Defendants, and Each)**

15. Matlow repeats, re-alleges and incorporates herein by reference as though fully set forth the allegations contained in the preceding paragraphs of this Complaint.

16. Matlow alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by, without limitation, viewing the Subject Photograph on Matlow's website or social media profiles, on other sites online, or in Matlow's numerous online profiles. Access is further evidenced by the Subject Photograph's exact reproduction in the Infringing Uses.

17. On information and belief, Matlow alleges that Defendants, and each of them, infringed Matlow's copyrights in the Subject Photograph by, without limitation, copying, reproducing, publishing, and displaying the Subject Photograph in the Infringing Uses for commercial benefit to the public as set forth above, without Matlow's authorization or consent.

18. On information and belief, Matlow alleges that Defendants, and each of them, infringed Matlow's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

19. Due to Defendants', and each of their, acts of infringement, Matlow has suffered general and special damages in an amount to be established at trial.

20. Due to Defendants', and each of their, acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Matlow's rights in the Subject Photograph. As such, Matlow is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of its rights in the Subject Photograph in an amount to be established at trial.

21. On information and belief, Matlow alleges that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

**SECOND CLAIM FOR RELIEF**

**(For Violations of 17 U.S.C. §1202 – Against all Defendants, and Each)**

22. Matlow repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

23. Matlow's photography was routinely published with copyright management information ("CMI"), as that phrase is used in 17 U.S.C. § 1202. Matlow's CMI included, without limitation, the name and logo of her company, and other indicia of authorship and attribution information.

24. On information and belief, Matlow alleges that Defendants, and each of them, intentionally removed Matlow's CMI in violation of 17 U.S.C. § 1202(b) before copying,

reproducing, distributing, and displaying the Subject Photograph on Defendant's website and profiles.

25. On information and belief, Matlow alleges that Defendants, and each of them, did distribute, import for distribution, or publicly perform works, copies of works, or phonorecords, knowing that copyright management information has been removed or altered without authority of Matlow or the law, knowing, or, with respect to civil remedies under 17 U.S.C. § 1203, having reasonable grounds to know, that it will induce, enable, facilitate, or conceal an infringement of any right under this title.

26. On information and belief, Matlow alleges that Defendants, and each of them, in violation of 17 U.S.C. § 1202(a), knowingly and with the intent to induce, enable, facilitate, or conceal infringement provided false copyright management information when they added their own logos and author names, bylines, and attribution to the Subject Photograph within the Infringing Uses.

27. On information and belief, Matlow alleges that Defendants, and each of them knew that they were providing false copyright management information to their copies of the Subject Photographs and distributing copyright management information that was false at the time it distributed its unauthorized copies of the Subject Photographs.

28. Due to Defendants acts of infringement, as alleged herein, Matlow has suffered and will seek to recover general and special damages in an amount to be established at trial, and/or statutory damages and attorneys' fees as provided in 17 USC § 1203.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against All Defendants, and Each and With Respect To Each Claim For Relief:**

a. That Defendants, and each of them, as well as their employees, agents, or anyone acting in concert with them, be enjoined from infringing Matlow's copyrights its photography, including without limitation the Subject Photographs, including through, without limitation, an order requiring Defendants, and each of them, to remove any content incorporating, in whole or in part, Matlow's photography, including without limitation the Subject Photograph, from any print, web, or other publication owned, operated, or controlled by any Defendant;

b. That Matlow be awarded all profits of Defendants, and each of them, plus all losses of Matlow, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages to the extent they are available under the Copyright Act, 17 U.S.C. § 504, and other applicable law;

c. That a constructive trust be entered over any revenues or other proceeds realized by Defendants, and each of them, through their infringement of Matlow's intellectual property rights;

d. That Matlow be awarded its costs and attorneys' fees to the extent they are available under the Copyright Act U.S.C. § 101 et seq.;

e. That Matlow be awarded its costs and fees under the statutes set forth above;

f. That Matlow be awarded statutory damages and/or penalties under the statutes set forth above, to the extent they are available;

g. That Matlow be awarded pre-judgment interest as allowed by law;

h. That Matlow be awarded the costs of this action; and

i. That Matlow be awarded such further legal and equitable relief as the Court deems proper.

## DEMAND FOR JURY TRIAL

**Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.**

Respectfully submitted,

Dated: October 29, 2026

By: */s/ David M.S. Jenkins*
Scott Alan Burroughs, Esq.
David Michael Stuart Jenkins, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
(310) 590-1820
*Attorneys for Plaintiff*